(79 Misc. Rep. 131.)

### In re MECHANICS' BANK.

(Supreme Court, Special Term, Kings County.   January, 1913.)

1. TAXATION (§ 319*)—MORTGAGE TAX—STATUTORY PROVISION.

In view of the history of Mortgage Tax Law (Laws 1909, c. 62 [Consol. Laws 1909, c. 60]), § 250 et seq., the exemption from local taxation of mortgages taxed thereunder, and its beneficent purposes generally, section 263, authorizing the state board of tax commissioners to make such rules for recording officers, in respect to the matters provided for in the law, as the board may deem proper, should be read so as to carry out the power vested in the recording officers to collect the tax on the recording of each mortgage, as provided in section 257.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 514, 527–529, 532–534; Dec. Dig. § 319.*]

2. TAXATION (§ 75*)—MORTGAGE TAX—REQUIREMENT OF AFFIDAVIT.

Whether a bank derives an advantage from the recording of a deed absolute on its face, but in fact a mortgage where the defeasance is not also recorded therewith, does not affect the state's right to exact a mortgage tax if it is in fact a mortgage, and Real Property Law (Laws 1909, c. 52 [Consol. Laws 1909, c. 50]) § 320, does not prevent the state from collecting the tax where the possibility of an undisclosed understanding between the apparent grantee and grantor may exist.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 161; Dec. Dig. § 75.*]

3. TAXATION (§ 319*)—MORTGAGE TAX—POWER OF STATE BOARD OF TAX COMMISSIONERS.

The state board of tax commissioners has power to adopt a rule that whenever a recording officer has reasonable grounds to believe that an instrument offered for record is intended to operate as mortgage security, though absolute on its face, he may refuse to record it without payment of the mortgage tax, unless he is furnished with an affidavit stating that the instrument is not given as security for a debt or obligation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 514, 527–529, 532–534; Dec. Dig. § 319.*]

Application by the Mechanics' Bank, Brooklyn, for a peremptory writ of mandamus to the Register of the County of Kings to compel him to record a deed made by George A. M. Smith and wife to the applicant.   Denied.

Owens, Gray & Tomlin, of Brooklyn, for the motion.

Samuel Ecker, Deputy Atty. Gen., and Herman N. Hansen, of New York City, for register of Kings county, opposed.

KAPPER, J.   [1]   In view of the history of the Mortgage Tax Law, the exemption from local taxation of mortgages taxed thereunder, and its beneficent purposes generally (Laws of 1909, c. 62 [Consol. Laws 1909, c. 60] § 250 et seq.), section 263 of the law should be read so as to carry out the powers vested in the recording officers to collect the tax upon the recording of each mortgage as provided in section 257 of the law.   Pursuant to the power given by section 263 to the state board of tax commissioners to make such rules and regulations for the government of recording officers in respect to the matters provided

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for in the law as the state board may deem proper, that board on June 29, 1910, adopted a rule that:

"Whenever the recording officer has reasonable grounds to believe that an instrument offered for record is intended to operate as a mortgage security, although it appears on its face to be an absolute conveyance, he shall refuse to record it without the payment of the mortgage tax, unless he is furnished by the party offering the same for record, with an affidavit stating that the instrument is not given as security for a debt or obligation."

The petitioner, a state bank, presented to the register of Kings county for record a deed absolute on its face, conveying to it certain real estate in the county of Kings. The register refused to record the deed without an affidavit from the officers of the bank stating whether the deed was absolute or given as collateral security, and therefore in effect a mortgage. A peremptory writ of mandamus is asked for by the bank to compel the register, upon the payment of the fee for recording deeds, to receive and record said deed. The bank urges that, under section 320 of the Real Property Law (Laws of 1909, c. 52 [Consol. Laws 1909, c. 50]), as the person for whose benefit a deed absolute on its face but in reality as security in the nature of a mortgage is made, "derives no advantage from the recording thereof, unless every writing, operating as a defeasance of the same, or explanatory of its being desired to have the effect only of a mortgage, or conditional deed, is also recorded therewith, and at the same time" that it (the bank) should not be bound by the rule of the state board of tax commissioners as its deed may under such circumstances be ineffectual. Under section 147 of the Banking Law (Consol. Laws of 1909, c. 2), a bank is limited in the holding of real estate, excepting its banking buildings, to the period of five years, and then only as to property purchased by it at sales upon the foreclosure of mortgages owned by it, or on judgments or decrees obtained or rendered for debts due to it, or in settlements effected to secure such debts. The nature of the transaction whereby the deed in question came to the bank is not made to appear. It cannot be said that the circumstances here disclosed are such that the exaction of the register is unreasonable, or that he did not have reasonable grounds for requiring an affidavit from the bank stating that the instrument was not given as security for a debt or obligation. I do not think that section 320, supra, is an answer to the stand taken by either the state board of tax commissioners or the register acting in pursuance of the rule of the board.

[2] Whether the bank derives an advantage or not from the recording of a deed absolute on its face but in fact a mortgage, where the defeasance is not also recorded therewith, does not affect the right of the state to exact the tax if it is in fact a mortgage, nor should the state be foreclosed from its effort to collect the tax by reason of section 320 of the Real Property Law, where the possibility of an undisclosed understanding between the apparent grantee and grantor of the property may exist.

[3] The power of the state board to make the rule in question, and the position of the register in this case, acting under such rule, must be upheld, and the motion must be denied.

Motion denied.